UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RHONDA HALL,

    Plaintiff,

V.                                Civil Action No. 05-30002-MAP

VERIZON COMMUNICATIONS, INC.,
and VERIZON NEW ENGLAND, INC.

    Defendants.

## COMPLAINT and DEMAND FOR JURY

Plaintiff Rhonda Hall (hereafter "Ms. Hall"), by way of complaint against defendants Verizon Communications, Inc. and Verizon New England, Inc. states as follows:

### INTRODUCTION

1.    Ms. Hall brings this action for equitable relief and compensatory and punitive damages against defendants Verizon Communications, Inc. and Verizon New England, Inc. (hereafter collectively referred to as "Verizon") under Title VII of the Civil Rights Act, the Americans with Disabilities Act and the Massachusetts laws against discrimination for persistent and continuous acts of discrimination against her on the basis of her race, color, gender and disability and for policies and practices which had the effect of discriminating against her on the basis of her race.

2.    During the course of her employment for Verizon in its Holyoke, Massachusetts facility, Ms. Hall was subjected to discriminatory actions and

omissions by the defendant which included the following: a) Ms. Hall was subjected to a hostile work environment which included threatening, offensive, demeaning and assaultive treatment and comments directed at her in whole or in part because she is an African American woman; b) Ms. Hall's efforts to complain to Verizon supervisors and managers about hostile and harassing treatment and comments were trivialized, dismissed or ignored and these supervisors and managers failed to respond in any meaningful or effective way to racist and sexist actions of Verizon employees; c) Ms. Hall became disabled as a result of the treatment she received as an employee of Verizon and Verizon failed to reasonably accommodate her disability; and d) Ms. Hall's employment was terminated as a direct consequence of the discriminatory and retaliatory treatment to which she was subjected.

3.      Ms. Hall seeks equitable relief designed to assure that the defendants discontinue policies and practices which serve to foster discrimination against African American, female and disabled employees of Verizon. She also seeks compensation for the grave harm she has suffered and continues to suffer as a result of the discriminatory actions and omissions of the defendants.

## JURISDICTION and VENUE

4.      This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

5. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f), have occurred or been complied with:

    a. A discrimination complaint was filed with the Massachusetts commission Against Discrimination and the Equal Employment Opportunity Commission (hereafter "EEOC") on October 7, 2002, within 300 days of the discriminatory actions alleged in the charge.

    b. A notification of right to sue was received by Ms. Hall from the U.S. Department of Justice on October 14, 2005.

    c. This complaint has been filed within 90 days of receipt of the right to sue notification from the Department of Justice.

6. This court has supplemental jurisdiction over related state law claims asserted by the plaintiff in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampden in the Commonwealth of Massachusetts, and the defendants are foreign corporations with offices in the County of Hampden in the Commonwealth of Massachusetts.

## PARTIES

8. Ms. Hall is an African American woman and she resides at 74 Waldorf Street, Springfield, MA 01109.

9. Defendant Verizon Communications, Inc. is a Delaware corporation with a principal place of business at 7900 Xexes Avenue, South, Suite 1700, Minneapolis, MN 55431.

10. Defendant Verizon Communications, Inc. is a "person" within the meaning of M.G.L. c. 151B, § 1.

11. Defendant Verizon Communications, Inc. employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

12. Defendant Verizon Communications, Inc. is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(a).

13. Defendant Verizon Communications, Inc. is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

14. Defendant Verizon New England, Inc. is a New York corporation with a principal place of business at 185 Franklin Street, Boston, MA 02110. On information and belief, defendant Verizon New England, Inc. is a wholly-owned subsidiary of defendant Verizon Communications, Inc.

15. Defendant Verizon New England, Inc. is a "person" within the meaning of M.G.L. c. 151B, §1.

16. Defendant Verizon New England, Inc. employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, §1.

17. Defendant Verizon New England, Inc. is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(a).

18. Defendant Verizon New England, Inc. is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

19. The defendants are hereafter collectively referred to as "Verizon."

## STATEMENT OF FACTS

20. Ms. Hall began working for Verizon in or around March 1989. In or around January 2000, Ms. Hall began working in the Verizon's Holyoke facility as a Central Office Technician.

21. From the time Ms. Hall began working in the Holyoke facility, Ms. Hall was subjected to a hostile working environment based on her gender, race and color.

22. Throughout the course of her employment at Verizon's Holyoke facility, Ms. Hall was subjected to treatment and comments by white male employees which were hostile, threatening, offensive and/or demeaning.

23. White male employees repeatedly referred to women as "bitches," and made other derogatory and demeaning remarks about women generally and other women employees in particular.

24. On at least one occasion, Ms. Hall was referred to as a "bitch" by a white male supervisor.

25. White male employees repeatedly made sexual references and jokes directly to Ms. Hall or in her presence.

26. White male employees repeatedly made derogatory and demeaning remarks about African Americans and members of other racial and ethnic minority groups.

27. In a remark made directly to Ms. Hall at one point after Ms. Hall began working in the Holyoke facility, a White male employee made references to African Americans as "niggers."

28. On tragic occasions when Latino or Black children were reported killed in Holyoke, white male Outside Technicians would make jokes about there being one less of "them" to worry about.

29. On multiple occasions during the course of her employment at Verizon's Holyoke facility, her personal property was damaged, defaced and/or stolen.

30. On multiple occasions after Ms. Hall began working in the Holyoke facility, Ms. Hall was treated in a hostile or abusive manner by white male employees based upon her race, color or gender.

31. On one occasion, a white male Outside Technician came into the Holyoke facility and started screaming at Ms. Hall and berating Ms. Hall for not answering the phone even though answering the phone was a shared responsibility with two other white male co-workers.

32. On another occasion, a white male Outside Technician stated to Ms. Hall that her job was to "serve" him and the other Outside Technicians.

33. On multiple occasions after Ms. Hall began working in the Holyoke facility, Ms. Hall was subjected to unwanted touching by a white male co-worker, including unwanted massages and hugs.

34. On several occasions, this same white male co-worker intentionally stepped on her feet despite her request that he not do so.

35. On various occasions after Ms. Hall began working in Verizon's Holyoke facility, Ms. Hall complained to Verizon supervisors and managers about the above-referenced treatment and comments by white male Verizon employees which were hostile, threatening, offensive and/or demeaning.

36. Her complaints about such treatment and comments were either ignored, trivialized or dismissed by Verizon supervisors and managers, and resulted in her being subjected to further threatening, demeaning and/or retaliatory treatment and comments.

37. Verizon supervisors and managers did not make any reasonable and effective efforts to investigate her complaints about treatment and comments by white male Verizon employees which were hostile, threatening, offensive and/or demeaning.

38. Verizon supervisors and managers did not make any reasonable and effective efforts to remedy or end the treatment and comments directed at Ms. Hall by white male Verizon employees which were hostile, threatening, offensive and/or demeaning.

39. The pattern of hostile, offensive, threatening and abusive treatment and comments directed against Ms. Hall by white male Verizon employees culminated in a physical assault upon Ms. Hall by a white male co-worker.

40. On or about September 5, 2002, a white male co-worker approached Ms. Hall with a pair of needle-nosed pliers in his hand and used the needle-nosed pliers to chop off a section of her hair.

41. Following the above-referenced physical assault, Ms. Hall repeatedly reported this incident to Verizon supervisors and managers, and various other Verizon departments and officials, in compliance with applicable Verizon policies and procedures. Her repeated reports of this incident included contact with her direct supervisor, the supervisor of her direct supervisor, her union representative, a Verizon Vice-President of Public Relations, the Verizon Ethics hotline, Verizon Security, the Verizon Employee Assistance Program, and the Verizon Equal Employment Office.

42. Despite her repeated attempts to get someone in authority at Verizon to respond in an effective manner to her complaints about the physical assault upon Ms. Hall and other hostile treatment and comments, Verizon supervisors, managers and other departments failed to take reasonable measures to remedy the hostile work environment, and failed to offer Ms. Hall any reassurance that it would be safe to return to work.

43. As a direct result of the hostile and abusive treatment and comments to which Ms. Hall was subjected by white male Verizon employees and the inaction of Verizon supervisors and managers in response to her

complaints, Ms. Hall suffered extreme emotional distress, anxiety and depression. Ms. Hall was psychologically unable to return to work at Verizon on September 6, 2003 and Ms. Hall went out on sick leave and disability leave.

44.     Between September 2002 and January 13, 2003, Ms. Hall was determined by Verizon and/or Verizon's insurer to be disabled from working for purposes of receiving sickness disability benefits.

45.     In November 2002, Ms. Hall was evaluated by Dr. Richard F. Kaplan at the direction of Verizon's short-term disability insurer. In a report issued to Verizon, Dr. Kaplan confirmed that Ms. Hall was disabled from returning to her job at Verizon's Holyoke facility. In the Summary and Impression section of his report, Dr. Kaplan confirmed that Ms. Hall was suffering from "an adjustment disorder with anxiety and depression." He went on to conclude that her psychological difficulties and interrelated physical problems stemmed from the "chronicity of problems" specific to her work situation at Verizon, including the assault upon Ms. Hall by the white male co-worker which triggered her existing symptoms.

46.     In a report dated February 11, 2003, her treating psychiatrist, Dr. David L. Honeyman, confirmed that Ms. Hall suffered from "[e]lements of an adjustment disorder with anxious mood and possible stress disorder." He further supported Dr. Kaplan's conclusion that her symptoms stemmed from the work environment and treatment Ms. Hall experienced at the Verizon Holyoke facility. Dr. Honeyman concluded that Ms. Hall was not able to return to work there "given the likelihood of recurrence or exacerbation of these symptoms."

47. In a follow-up report dated May 13, 2003, her treating psychiatrist expressed his belief that Ms. Hall would not be able to manage the level of distress she would likely feel if she were to be transferred into a particular position in Verizon's Springfield office. Dr. Honeyman correctly noted that such a transfer would require that Ms. Hall continue interacting and having contact with managers and supervisors whose actions and inaction contributed to the hostile work environment she experienced in the Holyoke office.

48. In a report dated May 30, 2003, her therapist, Linda C. Robinson, stated that Ms. Hall was suffering from symptoms of depression, anxiety, sleep disturbance, headaches and nausea. She concluded along with Dr. Honeyman that her symptoms were consistent with a diagnosis of Post Traumatic Stress Disorder, which symptoms were directly attributable to a series of incidents which occurred at her place of employment at Verizon which culminated with the assault upon Ms. Hall by another Verizon employee. With respect to her ability to return to work at Verizon, Ms. Robinson concluded that her "illness is attributable to the toxic environment at Verizon. She should not be subjected to working there in any capacity at this time."

49. The disabling conditions from which Ms. Hall was suffering and have continued to suffer substantially interfered with her ability to eat, sleep, work, think and concentrate, as well as other major life activities.

50. Ms. Hall was at all times able to continue her employment with Verizon and perform the essential functions of her work at Verizon with reasonable accommodations.

51. Between January 13, 2003 and May 27, 2003, Verizon was expressly advised on a number of occasions that Ms. Hall had no intention of abandoning her employment at Verizon, and that Ms. Hall was unable to return to her former job or a proposed alternative work assignment because of her disability.

52. Verizon failed and refused to make a reasonable accommodation of her disability in two respects:

   a) Verizon failed and refused to allow Ms. Hall to continue on a paid or unpaid leave of absence until Ms. Hall was able to return to work; and

   b) Verizon failed and refused to offer Ms. Hall a transfer on a temporary or permanent basis into a position which would not have brought Ms. Hall into contact with those individuals who contributed to the hostile work environment in Verizon's Holyoke facility and those individuals who failed to take reasonable measures to remedy the hostile work environment.

53. On or about May 27, 2003, Verizon terminated her employment effective May 26, 2003 allegedly because of her failure to report to work as directed on May 26, 2003.

## FIRST CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON RACE AND GENDER
## IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

54. Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 53 above, and incorporates those allegations as if fully set forth herein.

55. The actions and omissions of Verizon as set forth above constitute unlawful discrimination against Ms. Hall in the terms and conditions of her employment based on her race, color and gender in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1).

56. The actions and omissions of Verizon as set forth above constitute unlawful sexual harassment based upon a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1).

57. The termination of her employment by Verizon was the result of illegal discrimination against Ms. Hall on the basis of her race, color and gender, in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a).

58. The discriminatory actions and omissions of the Defendant have caused, continues to cause and will cause Ms. Hall to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### SECOND CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

59. Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 58 above, and incorporates those allegations as if fully set forth herein.

60. The Defendant retaliated against Ms. Hall for opposing the Defendant's discriminatory practices, in violation of 42 U.S.C. § 2000e-3(a).

61. The discriminatory actions and omissions of the Defendant have caused, continues to cause and will cause Ms. Hall to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### THIRD CLAIM FOR RELIEF:
### DISCRIMINATION BASED ON RACE AND
### GENDER IN VIOLATION OF M.G.L. c. 151B

62. Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 61 above, and incorporates those allegations as if fully set forth herein.

63. The actions and omissions of Verizon as set forth above constitute unlawful discrimination against Ms. Hall in the terms and conditions of her employment based on her race, color and gender in violation of M.G.L. c. 151B, § 4(1).

64. The actions and omissions of Verizon as set forth above constitute unlawful sexual harassment based upon a hostile work environment in violation of M.G.L. c. 151B, § 4(16A).

65. The termination of her employment by Verizon was the result of illegal discrimination against Ms. Hall on the basis of her race, color and gender, in violation of M.G.L. c. 151B, §§ 4(1).

66. The discriminatory actions and omissions of the Defendant have caused, continues to cause and will cause Ms. Hall to suffer substantial damages for lost wages and income, the loss of employment benefits, and other

pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### FOURTH CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF M.G.L. c. 151B, § 4(4)

67. Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 66 above, and incorporates those allegations as if fully set forth herein.

68. The Defendant retaliated against Ms. Hall for opposing the Defendant's discriminatory practices, in violation of M.G.L. c. 151B, § 4(4).

69. The discriminatory actions and omissions of the Defendant have caused, continues to cause and will cause Ms. Hall to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### FIFTH CLAIM FOR RELIEF: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF 42 U.S.C. § 12112

70. Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 69 above, and incorporates those allegations as if fully set forth herein.

71. The actions and omissions of the defendants, including the termination of Ms. Hall's employment constitute unlawful discrimination against Ms. Hall on the basis of her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

72. The failure and refusal of Verizon to provide Ms. Hall with a reasonable accommodation which would have enabled Ms. Hall to continue her

14

employment constitutes illegal discrimination against Ms. Hall on the basis of her disability in violation of the Americans with Disabilities Act (hereafter "ADA"), as codified at 42 U.S.C. §12112.

73.  The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Ms. Hall to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

<u>SIXTH CLAIM FOR RELIEF</u>:
<u>DISCRIMINATION BASED ON DISABILITY</u>
<u>IN VIOLATION OF M.G.L. c. 151b, § 4(16)</u>

74.  Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 73 above, and incorporates those allegations as if fully set forth herein.

75.  Ms. Hall is a qualified handicapped person within the meaning of M.G.L. c. 152, § 75B(1) and M.G.L. c. 151B, § 4(16).

76.  The actions and omissions of the defendants, including the termination of her employment, constitute unlawful discrimination against Ms. Hall on the basis of her disability, in violation of M.G.L. c. 151b, § 4(16).

77.  The failure and refusal of Verizon to provide Ms. Hall with a reasonable accommodation which would have enabled Ms. Hall to continue her employment constitutes illegal discrimination against Ms. Hall on the basis of her disability in violation of M.G.L. c. 151B, § 4(16).

78.  The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Ms. Hall to suffer substantial damages

for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### SEVENTH CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### 42 U.S.C. § 12203

79. Plaintiff Rhonda Hall repeats the allegations set forth in paragraphs 1 through 78 above, and incorporates those allegations as if fully set forth herein.

80. The defendant retaliated against Ms. Hall for asserting her rights under the Americans with Disabilities Act in violation of Section 503(a) of the ADA, 42 U.S.C. § 2203.

81. The retaliatory actions of the defendant were taken with malice or with reckless indifference to the federally protected rights of Ms. Hall under the ADA.

82. The retaliatory actions of the defendant have caused, continue to cause and will cause Ms. Hall to suffer substantial damages for lost wages and income, the loss of employment benefits such as group health insurance, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### PRAYER FOR RELIEF

Plaintiff Rhonda Hall prays the Court to grant her the following relief:

1. That the Plaintiff be awarded appropriate injunctive relief designed to ensure that the Defendants discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

3.   That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4.   That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5.   That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Rhonda Hall demands trial by jury on all triable issues.

Respectfully submitted,

PLAINTIFF RHONDA HALL
By her attorney,

Dated: January 10, 2005

_____
Hugh D. Heisler
BBO # 563925
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA  01103
(413) 788-7988

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**   Rhonda Hall

**DEFENDANTS**   Verizon Communications, Inc. and Verizon New England, Inc.

(b) County of Residence of First Listed Plaintiff   **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   **N/A**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hugh D. Heisler
Heisler, Feldman + McCormick, PC
1145 Main Street, Suite 508
Springfield, MA 01103   (413) 788-7988

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |
|  |  | 791 Empl. Ret. Inc. Security Act |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Employment discrimination and retaliation in violation of 42 U.S.C. § 2000e, 42 U.S.C. § 12112 and M.G.L. c. 151B

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE   January 10, 2005
SIGNATURE OF ATTORNEY OF RECORD   Hugh D. Heisler

FOR OFFICE USE ONLY

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

305814

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Rhonda Hall v. Verizon Communications, Inc. and Verizon New England, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   N/A   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☒

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   N/A   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Hugh D. Heisler, Heisler, Feldman + McCormick P.C__
ADDRESS __1145 Main St., Suite 508, Springfield, MA 01103__
TELEPHONE NO. __(413) 788-7988__

(Coversheetlocal.wpd - 10/17/02)