UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
RHONDA HALL,                           )        CIVIL ACTION NO. 05-30002-MAP
                                       )
            Plaintiff                  )
                                       )
v.                                     )
                                       )
VERIZON COMMUNICATIONS, INC.,          )
and VERIZON NEW ENGLAND, INC.          )        APRIL 27, 2005
                                       )
            Defendants                 )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, Verizon Communications, Inc. and Verizon New England, Inc., by and through their counsel, respectfully submit this Answer and Affirmative Defenses to the Plaintiff's Complaint and Demand for Jury. Any allegations not specifically addressed herein are denied.

<u>INTRODUCTION</u>

1.      As to the allegations in Paragraph 1, Defendants admit that the Plaintiff purports to bring an action as alleged, but deny the alleged discrimination and the alleged effect of discrimination. Any remaining allegations in Paragraph 1 are denied.

2.      As to the allegations in Paragraph 2, Defendants admit that the Plaintiff's employment was terminated and otherwise deny the remaining allegations.

3.      As to the allegations in Paragraph 3, Defendants admit that the Plaintiff's complaint purports to seek the remedies as described, but deny that they engaged in the alleged discrimination. Defendants deny the remaining allegations in Paragraph 3.

JURISDICTION AND VENUE

4.      As to the allegations in Paragraph 4, Defendants admit that the Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 and under 28 U.S.C. §§ 1331, 1337, and 2201-2202, but deny any allegedly wrongful conduct and otherwise deny any remaining allegations.

5.      As to the allegations in Paragraph 5, Defendants admit that the Plaintiff filed a complaint with the MCAD, admit that the Plaintiff received a notification of right to sue, and admit that this complaint was filed within 90 days of receipt of the right to sue notification.  As to any other factual allegations in Paragraph 5, Defendants deny such allegations.  As to the legal conclusions in Paragraph 5, no response is required.

6.      The allegation in Paragraph 6 constitutes a legal conclusion to which no response is required.

7.      The allegations in Paragraph 7 constitute a legal conclusion to which no response is required.

PARTIES

8.      Upon information and belief, Defendants admit the allegations in Paragraph 8.

9.      As to the allegations in Paragraph 9, Defendants admit that Verizon Communications, Inc. is a Delaware corporation, but otherwise deny the allegations.

10.      The allegations in Paragraph 10 constitute a legal conclusion to which no response is required.

11.      As to the allegations in Paragraph 11, Defendants admit that Verizon Communications, Inc. employs 6 or more employees.  The remaining allegations of Paragraph 11 constitute a legal conclusion to which no response is required.

12.     The allegations in Paragraph 12 constitute a legal conclusion to which no response is required.

13.     As to the allegations in Paragraph 13, Defendants admit that Verizon Communications, Inc. employs 15 or more employees.  The remaining allegations in Paragraph 13 constitute a legal conclusion to which no response is required.

14.     Defendants admit the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 constitute a legal conclusion to which no response is required.

16.     As to the allegations in Paragraph 16, Defendants admit that Verizon New England, Inc. employs 6 or more employees.  The remaining allegations in Paragraph 16 constitute a legal conclusion to which no response is required.

17.     The allegations in Paragraph 17 constitute a legal conclusion to which no response is required.

18.     As to the allegations in Paragraph 18, Defendants admit that Verizon New England, Inc. employs 15 or more employees.  The remaining allegations in Paragraph 18 constitute a legal conclusion to which no response is required.

19.     There is no factual allegation contained in Paragraph 19, and no response is required.

STATEMENT OF FACTS

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.    Defendants deny the allegations in Paragraph 24.

25.    Defendants deny the allegations in Paragraph 25.

26.    Defendants deny the allegations in Paragraph 26.

27.    Defendants deny the allegations in Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30.

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32.

33.    Defendants deny the allegations in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35.

36.    Defendants deny the allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

40.    As to the allegations in Paragraph 40, Defendants admit that a white male coworker cut off a portion of the Plaintiff's hair with a pair of needle-nose pliers.  Defendants otherwise deny the allegations in Paragraph 40.

41.    As to the allegations in Paragraph 41, Defendants admit that Ms. Hall reported the incident regarding her hair being cut by a coworker.  Defendants otherwise deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     As to the allegations in Paragraph 44, Defendants admit that the Plaintiff received sick leave and/or disability benefits between September 2002 and January 12, 2003.  Defendants otherwise deny the allegations in Paragraph 44.

45.     As to the allegations in Paragraph 45, Defendants admit that the Plaintiff was evaluated by a Dr. Richard F. Kaplan in connection with her application for continued disability benefits.  The remaining allegations in Paragraph 45 refer to a writing that speaks for itself. Defendants deny any allegations in Paragraph 45 inconsistent with that writing.

46.     The allegations in Paragraph 46 refer to a writing that speaks for itself. Defendants deny any allegations in Paragraph 46 inconsistent with that writing.

47.     The allegations in Paragraph 47 refer to a writing that speaks for itself. Defendants deny any allegations in Paragraph 47 inconsistent with that writing.

48.     The allegations in Paragraph 48 refer to a writing that speaks for itself. Defendants deny any allegations in Paragraph 48 inconsistent with that writing.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and so they leave the Plaintiff to her proof.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and so they leave the Plaintiff to her proof.

51.     As to the allegations in Paragraph 51, Defendants admit that the Plaintiff's attorney communicated in writing with Verizon between January 13, 2003 and May 27, 2003. The allegations in Paragraph 51 thus refer to writings that speak for themselves.  Defendants deny any allegations inconsistent with those writings.  Defendants also deny that the Plaintiff did not abandon her job.

52.     Defendants deny the allegations in Paragraph 52.

53.     As to the allegations in Paragraph 53, Defendants admit that Plaintiff's

employment was terminated effective May 26, 2003 as a result of her failure to return to work.

Defendants deny the remaining allegations in Paragraph 53.

## FIRST CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE AND GENDER IN VIOLATION OF 42 U.S.C. § 2000E-2(A)(1)

54.     The responses to Paragraphs 1 through 53 are incorporated herein by reference as

if fully set forth herein.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.


## SECOND CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

59.     The responses to Paragraphs 1 through 58 are incorporated herein by reference as

if fully set forth herein.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

## THIRD CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE AND GENDER IN VIOLATION OF M.G.L. c. 151B

62.     The responses to Paragraphs 1 through 61 are incorporated herein by reference as

if fully set forth herein.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

## FOURTH CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF M.G.L. c. 151B, § 4(4)

67.     The responses to Paragraphs 1 through 66 are incorporated herein by reference as if fully set forth herein.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

## FIFTH CLAIM FOR RELIEF: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF 42 U.S.C. § 12112

70.     The responses to Paragraphs 1 through 69 are incorporated herein by reference as if fully set forth herein.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

## SIXTH CLAIM FOR RELIEF: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF M.G.L. c. 151b, § 4(16)

74.     The responses to Paragraphs 1 through 73 are incorporated herein by reference as if fully set forth herein.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

## SEVENTH CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. § 12203

79.     The responses to Paragraphs 1 through 78 are incorporated herein by reference as if fully set forth herein.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82.

PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any relief sought.


## AFFIRMATIVE DEFENSES

First Affirmative Defense

As to each Count, the Plaintiff has failed to state a claim upon which relief may be granted.

Second Affirmative Defense

Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendants, the Plaintiff has failed to mitigate her damages.

Third Affirmative Defense

Some or all of the Plaintiff's claims are barred by the applicable statutes of limitations and/or statutory filing periods.

Fourth Affirmative Defense

The Defendants exercised reasonable care to prevent and correct promptly any harassment, and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendants.


The Defendant hereby respectfully reserves its right to identify other defenses that may apply based on facts developed during the course of the litigation.

Respectfully submitted,


_____/s/ Stacy Smith Walsh_____
Stacy Smith Walsh (BBO No. 647420)
**DAY, BERRY & HOWARD, LLP**
CityPlace I, 185 Asylum Street
Hartford, CT  06103-3499
(860) 275-0100
(860) 275-0343 facsimile
sswalsh@dbh.com


## CERTIFICATE OF SERVICE

    I, Stacy Smith Walsh, hereby certify that on the 27th day of April, 2005, I electronically
filed the foregoing with the Clerk of Court using the CM/ECF system which will send
notification of such filing(s) to Hugh D. Heisler, Esq., of Heisler, Feldman & McCormick, P.C.,
1145 Main Street, Suite 508, Springfield, MA  01103.

_____/s/ Stacy Smith Walsh_____
Stacy Smith Walsh