UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RHONDA HALL,<br><br>       Plaintiff,<br><br>V.<br><br>VERIZON COMMUNICATIONS, INC.,<br>and VERIZON NEW ENGLAND, INC.<br><br>       Defendants. | Civil Action No. 3:05-cv-30002-MAP |

**AFFIDAVIT OF HUGH HEISLER**

I, Hugh Heisler, being of full age, hereby depose and state:

1.	I am the attorney for plaintiff Rhonda Hall in the above-entitled matter, and I make this affidavit in further support of the plaintiff's Motion for a Final Extension of Time to File Opposition to the Defendants' Motion for Summary Judgment.

2.	In her opposition to the above motion for a final extension, Attorney Walsh refers to an Order of the Court dated October 11, 2006 granting the Plaintiff's previous motion for an extension and indicating that there would be "no further extensions."

3.	I have scoured my e-mail files both on my office computer and on my home computer, but I have been unable to find any record that I received the Order referred to by Attorney Walsh.

4.	As a result, I was unaware that the Court had stated that no further extensions would be allowed when I filed the most recent motion.

5.	As a small firm, we do not have a firm-wide e-mail account, but instead

1

utilize our own individual e-mail accounts for business-related e-mail. Up until now, relying upon my own individual e-mail account has been dependable.

6. As reflected in my e-mail address, I have an individual e-mail account with Comcast. I receive and organize my incoming e-mails through Microsoft Outlook on both my home and office computers. All incoming e-mails are usually received on both my home and office computers.

7. E-mail communications from the U.S. District Court are easily identifiable in my e-mail Inbox, and they are the first e-mails I open and read.

8. I do not delete e-mail communications received from the District Court, but rather save them in separate files in Outlook designated for each of my clients.

9. I have searched through my Outlook e-mail files on both my home and office computers (including the deleted messages files in the event I inadvertently deleted the e-mail containing the October 11, 2006 Order of the Court), but I have been unable to find any record of receiving the Court's Order.

10. I cannot explain this occurrence, and I do not have the technological expertise to even speculate as to what might have prevented me from receiving the Court's Order.

11. I would not have simply ignored an order from the Court in this case indicating that no further extensions for filing the Plaintiff's opposition would be granted.

12. Had I been aware of the court's Order, I would have taken whatever steps were necessary to file some manner of opposition by the absolute deadline set by the Court even if it were not in a finished form which provided the most effective advocacy for my client.

13. Had I been aware of the court's Order, I certainly would not have filed a request for an extension which made no mention of the court's admonition that no further extensions would be granted.

14. As I believe my prior work product before this Court reflects, I take motions for summary judgment in complicated and fact-intensive discrimination cases such as this very seriously, and I have been diligently working to complete the Plaintiff's opposition while attempting to balance the unusually severe conflicting demands on my time.

15. Our law firm usually has five attorneys (including a two year fellowship position which is reserved for recent law graduates). Losing two attorneys on a temporary basis, as described in the pending motion, has placed an unusual strain on me and the other two remaining attorneys in the firm. Unlike other firms even as small as ours, we also do not have any clerical or paralegal support. We have deliberately kept our overhead expenses low so that we can afford to continue representing low and moderate income clients without charging them directly for our services.

16. I do not believe that this final extension would cause any prejudice to the Defendants. However, an order treating the pending summary judgment motion as unopposed, as requested by the Defendants would have a devastating effect on the legal interests of Ms. Hall, and cause her to suffer extreme prejudice from the time pressures being experienced by her attorney.

17. The circumstances in this case do not resemble the factual situation in the <u>Mendez</u> case relied upon by the Defendants. In that case, the Court had denied two successive motions for an extension, and an opposition brief was filed by the plaintiff's

attorney months after these motions had been denied.

18.	For the above reasons, I would ask the Court's final indulgence in granting me the brief additional time requested to complete the Plaintiff's opposition.

19.	I further state that the facts set forth in this affidavit are made upon my own personal knowledge and belief and so far as upon belief, I believe those facts to be true.

Signed under the pains and penalties of perjury on this 19th day of October, 2006.

                                                /s/ Hugh D. Heisler
                                                Hugh D. Heisler