UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RHONDA HALL,<br><br>        Plaintiff,<br><br>V.<br><br>VERIZON COMMUNICATIONS, INC.,<br>and VERIZON NEW ENGLAND, INC.<br><br>        Defendants. | Civil Action No. 3:05-cv-30002-MAP |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
STATEMENT OF MATERIAL FACTS**

In opposition to the Defendants' Motion for Summary Judgment in the above-entitled matter, Plaintiff Rhonda Hall (hereafter referred to as "Ms. Hall") responds to the Defendants' Concise Statement of Material Facts, as follows:

1. Not disputed for purposes of pending summary judgment motion.

2. Not disputed for purposes of pending summary judgment motion.

3. Not disputed for purposes of pending summary judgment motion.

4. Not disputed for purposes of pending summary judgment motion.

5. Not disputed for purposes of pending summary judgment motion. Ms. Hall's first level supervisor, Jack Lynch, instructed the entral office technicians (hereafter "CO Techs") that assisting the outside technicians (hereafter referred to as "OTs") was a lower priority and they were to complete their own work before responding to requests for assistance from the OTs. See, Plaintiff's Statement of Material Facts (hereafter "Plaintiff's SOMF"), ¶ 28. All three CO Techs in the CO Techs shared responsibility for answering the phones. Whoever was closest to the

telephone and could get to the telephone would answer it. There was no pecking order as to who had to answer the phone. Ms. Hall found it very upsetting that the OTs were only complaining about her not answering the phone, as they never complained about the two white male CO Techs in the Holyoke facility not answering the phones. As Ms. Hall was speaking to Ms. McBride, the phone rang and Mike Stawascz didn't pick it up. See, Plaintiff's Plaintiff's SOMF, ¶¶ 26 & 29.

6. Not disputed for purposes of pending summary judgment motion.

7. Not disputed for purposes of pending summary judgment motion.

8. Not disputed for purposes of pending summary judgment motion. See ¶ 5 above.

9. Not disputed for purposes of pending summary judgment motion.

10. Not disputed for purposes of pending summary judgment motion.

11. Not disputed for purposes of pending summary judgment motion.

12. Not disputed for purposes of pending summary judgment motion.

13. The Plaintiff denies that she only complained about the conduct of OTs. See, Plaintiff's SOMF, ¶ 53.

14. The Plaintiff denies the allegations in this paragraph. See ¶ 13 above.

15. The Plaintiff denies the allegations in this paragraph. See, Plaintiff's Plaintiff's SOMF, ¶ 56.

16. The Plaintiff denies that the cited deposition testimony supports the statement contained in this paragraph. Ms. Hall testified only that the OTs were coming to the Holyoke co "less frequently," and Mr. Lynch testified only that the CO Techs in the Holyoke CO reported that things were "better than they were."

17.    The Plaintiff disputes that the two events occurred simultaneously. Ms. Hall stated that she was looking for her pliers before Mr. Pula walked up to her and cut her hair with the pliers. <u>See</u>, Plaintiff's Plaintiff's SOMF, ¶ 43.

18.    Not disputed for purposes of pending summary judgment motion.

19.    Not disputed for purposes of pending summary judgment motion.

20.    Not disputed for purposes of pending summary judgment motion.

21.    Not disputed for purposes of pending summary judgment motion.

22.    Not disputed for purposes of pending summary judgment motion.

23.    Not disputed for purposes of pending summary judgment motion.

24.    Not disputed for purposes of pending summary judgment motion.

25.    Not disputed for purposes of pending summary judgment motion.

26.    Not disputed for purposes of pending summary judgment motion.

27.    Not disputed for purposes of pending summary judgment motion.

28.    Not disputed for purposes of pending summary judgment motion.

29.    Not disputed for purposes of pending summary judgment motion.

30.    Not disputed for purposes of pending summary judgment motion.

31.    Not disputed for purposes of pending summary judgment motion.

32.    The Plaintiff denies that she was referred to the Verizon EEO Dept. as a result of this meeting. She had already been referred to the EEO Dept. through her own efforts to get assistance. <u>See</u>, Plaintiff's Plaintiff's SOMF, ¶ 61.

33.    Not disputed for purposes of pending summary judgment motion.

34.    Not disputed for purposes of pending summary judgment motion.

35.    Not disputed for purposes of pending summary judgment motion.

36. The Plaintiff disputes the allegations set forth in this paragraph. See, Plaintiff's SOMF, ¶¶ 91-94.

37. The Plaintiff does not dispute that Verizon offered her a CO Tech position in its Springfield central office facility for the first time in April 2003, more than seven months after she had left work in September 2002, and more than three months after the doctor who conducted an IME concluded that she could not return to work unless it was in a different work situation. See, Plaintiff's SOMF, ¶¶ 96-98.

38. The Plaintiff disputes the allegations set forth in this paragraph. See, Plaintiff's SOMF, ¶¶ 111-123.

39. The Plaintiff disputes the allegations set forth in this paragraph. See, Plaintiff's SOMF, ¶¶ 124-135.

40. Not disputed for purposes of pending summary judgment motion.

41. Not disputed for purposes of pending summary judgment motion.

42. Not disputed for purposes of pending summary judgment motion.

43. The Plaintiff denies that the cited deposition testimony supports the statements contained in this paragraph.

44. Not disputed for purposes of pending summary judgment motion.

Respectfully submitted,

PLAINTIFF RHONDA HALL
By her Attorney,

Dated: October 25, 2006

/s/ Hugh D. Heisler
Hugh D. Heisler
BBO # 563925
Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

4

CERTIFICATE OF SERVICE

    I, Hugh D. Heisler, hereby certify that a true copy of the foregoing document was served electronically upon the attorney of record for the Defendants on October 25, 2006.

                                               /s/ Hugh D. Heisler
                                               Hugh D. Heisler