UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RHONDA HALL,

          Plaintiff,

V.

VERIZON COMMUNICATIONS, INC.,
and VERIZON NEW ENGLAND, INC.

          Defendants.

Civil Action No. 3:05-cv-30002-MAP

**AFFIDAVIT OF JUDD PESKIN**

I, Judd Peskin, being of full age, hereby depose and state:

1.      I am an attorney-at-law licensed to practice in the Commonwealth of Massachusetts.

2.      I represented Rhonda Hall with regard to her worker's compensation claim for emotional and psychological injuries resulting from an incident in which a section of her hair was cut by a male co-worker with a pair of needle nose pliers while she was employed by Verizon in its Holyoke central office facility.

3.      During the course of my representation of Ms. Hall, I received a letter dated May 13, 2003 from her treating psychiatrist, Dr. David Honeyman, in which he expressed his professional opinion that a proposed transfer of Ms. Hall to Verizon's Springfield office would likely have an adverse impact upon her mental health. A copy of Dr. Honeyman's letter is appended to this affidavit as Exhibit 1.

4.    I sent a copy of Dr. Honeyman's letter to Verizon's attorney, Matthew F. King, by facsimile on May 20, 2003. A copy of the facsimile cover sheet is appended to this affidavit as Exhibit 2.

5.    I followed up on my facsimile to Attorney King with a letter to him dated May 21, 2003 in which I also refer to the conclusions expressed by Dr. Honeyman in his May 13th medical report. A copy of my letter is appended to this affidavit as Exhibit 2. I have redacted the portion of the letter which relates solely to settlement discussions.

6.    I further state that the facts set forth in this affidavit are made upon my own personal knowledge and belief and so far as upon belief, I believe those facts to be true.

Signed under the pains and penalties of perjury on this 24th day of October, 2006.

_____
Judd Peskin



## WEINER AND PESKIN, P.C.

ATTORNEYS AT LAW

GARY M. WEINER
JUDD L. PESKIN *

95 STATE STREET, SUITE 918
SPRINGFIELD, MASSACHUSETTS 01103
TEL: (413) 732-6840
FAX (413) 785-5666
EMAIL: WeinerPeskin@WeinerPeskin.com

JONATHAN H. ALLEN
NYLES L. COURCHESNE
KARA S. RESCIA *

* also admitted in Connecticut

Writer's Email: JPeskin@WeinerPeskin.com

### FACSIMILE COVER SHEET

DATE:           May 20, 2003

TO:             Matthew King, Esq

FAX. NO..       508-822-8022

FROM:           Judd L. Peskin, Esq          NUMBER OF PAGES   2

MATTER:         **Rhonda Hall v. Verizon New England, Inc.**

[ ]     Original Documents will be mailed
[x]     Original Documents will not be mailed at this time

Matt,

Here is the latest report from Rhonda's treating psychiatrist. It appears that she would be unable to accept any job where her supervisors and managers would be the same as they were in Holyoke and where she would run into her former co-workers (including the perpetrator of the incident at issue) now and again.

Settlement seems the likely course. Demand to follow by mail.

Judd Peskin

### CONFIDENTIALITY NOTICE

*THE DOCUMENT ACCOMPANYING THIS FACSIMILE TRANSMISSION IS ATTORNEY PRIVILEGED, IS OTHERWISE CONFIDENTIAL, AND THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS COVER SHEET. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE TELEPHONE THE SENDER IMMEDIATELY AT (413) 732-6840.*



Administrative Office
232 Main Street
Agawam, MA 01001-1836
413-789-8000   Fax 413-789-8047

HALL, RHONDA                                                      0422


May 13, 2003


Gary Weiner, PC and Judd Peskin, PC
Attorneys at Law
95 State Street
Suite 918
Springfield, MA 01103

RE:  Rhonda Hall
MR#: 34334283

Dear Attorney Peskin:

This is a letter in regard to Rhonda Hall, a 32-year-old woman
followed at RiverBend Behavioral Health Services since 09/13/02.

My most recent contact with her was 05/13/03. We reviewed the
current work situation and considerations therein. She knows that
should she move from the Holyoke to the Springfield office, she
would be dealing with the same managers and supervisors and also
see at times the individuals involved with her stress at the
previous work site. She would not see this as a change in her work
setting and I doubt from a psychiatric perspective, she would be
able to manage the level of distress she would likely feel in a
tentative work site as mentioned above.

She is now utilizing the antidepressant Paxil and was recently
started on that at a 20 mg per day dose with hopeful beneficial
affects for her. Even should she respond to the medication, the
above concerns regarding the Greenfield office work site remain
unchanged.

Cordially,

David Honeyman, M.D.
Psychiatrist, RiverBend Medical Group

Agawam Office                 Chicopee Office               Springfield Office             Westfield Office
232 Main Street               444 Montgomery Street         265 Bicentennial Highway       Hampton Ponds Plaza
Agawam, MA 01001-1836         Chicopee, MA 01020-2912       Springfield, MA 01118-1967     925 North Road (Rte 202)
413-789-8000  Fax 413-789-5171 413-593-1311  Fax 413-594-7111 413-733-4301  Fax 413-796-6021 Westfield, MA 01085-9211
                                                                                             413-553-2900  Fax 413-536-1510

                                                                                             TOTAL P.02

# WEINER AND PESKIN, P.C.

ATTORNEYS AT LAW

MARY M. WEINER          95 STATE STREET, SUITE 918          JONATHAN H. ALLEN
FRED I. PESKIN          SPRINGFIELD, MASSACHUSETTS 01103          NYLES L. COURCHESNE
                        TEL (413) 732-6840          KARA S. RESCIA
                        FAX (413) 785-5656
*ALSO ADMITTED IN CONNECTICUT          EMAIL: WeinerPeskin@WeinerPeskin.com

Writer's email: FPeskin@WeinerPeskin.com

May 21, 2003

Matthew F. King, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA 02780

Re:     Employee          Rhonda Hall
        Employer          Verizon New England, inc.
        Date of Injury    September 5, 2002
        DIA Board Number  47099-02

Dear Matt,

By now you have had a chance to review the most recent medical report from Ms. Hall's treating psychiatrist, David Honeyman. It is clear from that report that Dr. Honeyman firmly recommends against Ms. Hall continuing to work for Verizon in the Springfield office, if her former supervisors and managers do not change, and she would occasionally run into her former co-workers. Given this opinion, Ms. Hall's case should be analyzed as a continuing partial disability case, after a closed period of temporary total disability. I have, therefore, formulated a demand for lump-sum settlement as follows:

Matthew F. Krug. Esq
Keches & Mallen, P.C.
May 21, 2003
Page Two

2.



Tim Sullivan at the DIA will be rescheduling the Conciliation originally set for May 23, 2003 to another date in June. I hope, by that time, that we can report this case settled. If not, conference will take place approximately one month later, and settlement on an unaccepted basis will likely become impossible.

A copy of this demand letter has been forwarded to Ms. Hall's counsel on the MCAD claim. If Verizon is interested in a global settlement of both matters, perhaps now is the time for a settlement conference to take place with all counsel present. I look forward to hearing from you on these matters.

Sincerely yours,

Judd L. Peskin, Esq.

JLP:sm