UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RHONDA HALL, ) | CIVIL ACTION NO. 05-30002-MAP |
| ) |  |
| Plaintiff, ) |  |
| v. ) |  |
| ) |  |
| VERIZON COMMUNICATIONS, INC. and ) |  |
| VERIZON NEW ENGLAND, INC. ) |  |
| ) |  |
| Defendants. ) | APRIL 20, 2007 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBMIT TO THE COURT ANY FEDERAL LAW CLAIM FOR BACK PAY

Defendants Verizon Communications, Inc. and Verizon New England, Inc. (collectively, "Verizon") respectfully submit this memorandum of law in support of their motion to submit to the Court, and not to the jury, Plaintiff's claim under federal law for back pay.

In this employment discrimination action, Plaintiff asserts claims under, inter alia, Title VII and the Americans with Disabilities Act (ADA). Plaintiff's prayer for relief includes a request for equitable relief. The parties agree that Plaintiff's claims for front pay under federal law are to be submitted to the Court, but, contrary to Plaintiff's contention, Verizon asserts that back pay claims under Title VII and the ADA also must be submitted to the Court, not to the jury.

Under Title VII (42 U.S.C. § 2000e-5(g)(1)) and the ADA (42 U.S.C. § 12117(a)),[1] the court may, upon a finding of liability, award "such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without

---

[1] The ADA provides for the same remedies as Title VII. 42 U.S.C. § 12117(a).

back pay … , or any other equitable relief as the court deems appropriate." At least three Courts of Appeals have recognized that both back pay and front pay under Title VII are considered equitable damages for which there is no right to a jury trial. Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 315-16 (3d Cir. 2006); Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005); Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 157 (2d Cir. 2001); Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 499-500 (7th Cir. 2000). Indeed, the 1991 Civil Rights Act, which provided for jury trials on claims under Title VII for compensatory and punitive damages, did not disturb or change any of the relief available under 42 U.S.C. § 2000e-5(g), which did not provide for a jury trial. 42 U.S.C. § 1981a(b)(2); Landgraf v. USI Film Prods., 511 U.S. 244, 253 (1994). Moreover, before the 1991 Civil Rights Act was enacted, courts, including the First Circuit, consistently acknowledged that Title VII afforded only equitable relief. See, e.g., Olin v. Prudential Ins. Co., 798 F.2d 1, 7 (1st Cir. 1986), *rev'd on other grounds by* Gallagher v. Wilton Enters., Inc., 962 F.2d 120 (1st Cir. 1992).

Accordingly, there is no basis in Title VII or the ADA--or in the 1991 Civil Rights Act that provided for jury trials for claims under those statutes for compensatory and punitive damages--for trying back pay claims to the jury. For all these reasons, Plaintiff's claim under federal law for back pay should be submitted only to the Court, not to the jury, in the event of a finding of liability.

        Respectfully submitted,

        DEFENDANTS, VERIZON
        COMMUNICATIONS, INC. AND
        VERIZON NEW ENGLAND, INC.

         /s/ Stacy Smith Walsh
        Victoria Woodin Chavey (*pro hac vice*)
        Stacy Smith Walsh (BBO No. 647420)
        Day Pitney LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        (860) 275-0100
        (860) 275-0343 (fax)
        vwchavey@daypitney.com
        sswalsh@daypitney.com
        Their Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2007, a copy of foregoing **Defendants' Memorandum of Law in Support of Its Motion to Submit to the Court Any Federal Law Claim for Back Pay** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Stacy Smith Walsh
        Stacy Smith Walsh