UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
:
RHONDA HALL,                        :
                                    :
              Plaintiff,      :
                                    :
V.                                  :    Civil Action No. 3:05-cv-30002-MAP
                                    :
VERIZON COMMUNICATIONS, INC.,       :
and VERIZON NEW ENGLAND, INC.       :
                                    :
              Defendants.     :
_____ :


**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
ANY EVIDENCE OR ARGUMENT BY THE DEFENDANTS
THAT THE ACCOMMODATIONS SOUGHT BY THE
PLAINTIFF WOULD HAVE PLACED AN UNDUE
HARDSHIP ON THE DEFENDANTS**

      The plaintiff moves in *limine* to exclude any evidence or argument by the defendants that the accommodations sought by the Plaintiff in this case would have placed an undue hardship on the Defendants. In support of this motion, the Plaintiff states as follows:

      1.     In this case, Plaintiff Rhonda Hall (hereafter referred to as "Ms. Hall") alleges that the Defendants (hereafter collectively referred to as "Verizon") failed and refused to make a reasonable accommodation of her disability in two respects:

           a)     Verizon failed and refused to allow Ms. Hall to continue on a paid or unpaid leave of absence until Ms. Hall was able to return to work in her former Central Office Technician position (hereafter referred to as "CO

Tech") or a Springfield CO Tech position which had been offered to her; and

  b) Verizon failed and refused to offer Ms. Hall a transfer on a temporary or permanent basis into a position which would not have brought Ms. Hall into contact with: 1) those individuals who contributed to the hostile work environment in Verizon's Holyoke facility; 2) those individuals who failed to take reasonable measures to remedy the hostile work environment; and 3) Outside Technicians responsible for offensive and threatening racist graffiti and their supervisors who failed to take reasonable measures to eliminate this graffiti over an extended period of time.

2. The Americans with Disabilities Act ("ADA") provides that the term 'discriminate' includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered identity." 42 U.S.C. § 12112(b)(5)(A).

3. Under applicable case law, the employer has the burden of showing that a requested accommodation would pose an undue hardship. See, Garca-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646-647 (1st Cir.2000).

4. In this case, Verizon has expressly waived any "undue hardship" affirmative defense to Ms. Hall's claim that she was denied a reasonable accommodation under the ADA and the Massachusetts laws against discrimination.

5. In her Interrogatories propounded upon Verizon in this matter, Ms. Hall requested the following information:

> 14. Please state whether at any time on or prior to May 27, 2003 the Defendants reached a conclusion that it would have been an undue burden on the Defendants to allow the Plaintiff to continue on an unpaid leave of absence beyond May 26, 2003, and, if so, please set forth every fact upon which the Defendants relied in reaching this conclusion, "identify" each person who participated in any way in reaching this conclusion and describe the precise role of each such person in reaching this conclusion, and "identify" any and all documents which might be in any way relevant to your response to this interrogatory.
>
> 15. Please state whether at any time on or prior to May 27, 2003 the Defendants reached a conclusion that it would have been an undue burden on the Defendants to transfer the Plaintiff to another position which either 1) would **not** have required her to work with any of her co-workers from the Defendants' Holyoke office or any of the persons who supervised the Plaintiff when she worked in that office, or 2) was different from the position offered to the Plaintiff in a letter from Paul McGovern dated April 10, 2003 and in a letter from John J. Lynch dated May 20, 2003, copies of which are appended to these interrogatories as Exhibits 5 and 6, respectively, and, if so, please set forth every fact upon which the Defendants relied in reaching this conclusion, "identify" each person who participated in any way in reaching this conclusion and describe the precise role of each such person in reaching this conclusion, and "identify" any and all documents which might be in any way relevant to your response to this interrogatory.

6. In its Supplemental Responses to the Plaintiff's Interrogatories, Verizon responded to interrogatories numbered 14 and 15 by unequivocally stating that the "Defendants do not intend to assert an 'undue hardship' affirmative defense to the plaintiff's claim that she was denied reasonable accommodation under the ADA." A copy of the Defendants' Supplemental Responses to Plaintiff's Interrogatories is appended to this motion as Exhibit 1.

7. Ms. Hall relied upon Verizon's expressed waiver of an undue hardship defense, and her attorney did not seek any further responses from Verizon regarding such a defense.

8. However, despite having waived any defense of undue hardship, Verizon nevertheless subsequently argued in support of its motion for summary judgment that the accommodations sought by Ms. Hall were not reasonable. See, Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Document 21, page 18 of 20 ("A leave of absence that is lengthy or open-ended is generally not considered a reasonable accommodation"); and Defendants' Reply Brief in Support of Motion for Summary Judgment, Document 41, Page 11 of 12 ("The Law is clear, however, that indefinite leaves of absence are not reasonable accommodations under the ADA").

9. By stating that an extension on Ms. Hall's unpaid leave of absence would not have been reasonable, Verizon is simply making a backdoor argument that such an accommodation would have placed an undue burden on Verizon. In making this argument, Verizon relied upon the First Circuit's decision in the Garca-Ayala case. However, the court's decision in Garca-Ayala is based entirely upon an undue hardship analysis. 212 F.3d at 647-649. The employer in Garca-Ayala argued that the employee's request for additional unpaid leave beyond an initial one-year period of leave was unreasonable. The court rejected this argument, and noted that the employer had failed to present evidence that the additional period of leave would have constituted an undue hardship. The court conducted an individualized assessment of the relevant facts and concluded that the additional

4

leave would not have placed an undue hardship on the employer. In particular, the court observed that the additional leave would not have placed a financial burden on the employer insofar as the employee would not have been paid, and there was no urgency in having the employee return to work insofar as the essential functions of her job were being satisfactorily performed by a temporary replacement. Id. at 649. [1]

    10.    Having specifically waived any undue hardship defense, Verizon should be prohibited from: 1) offering any evidence or making any arguments in opening or closing remarks that any additional period of unpaid leave for Ms. Hall would have been too long or unreasonable; and 2) offering any evidence or making any arguments in opening or closing remarks that offering Ms. Hall a transfer to another position which would **not** have required her to work with any of her co-workers from the Defendants' Holyoke office or any of the persons who

---

[1] It is worth noting that the facts in this case are remarkably similar to the facts in the Garca-Ayala case. When asked at the conclusion of his oral deposition whether there was any reason why it would have been a burden on his department or Verizon to have allowed Ms. Hall to remain on unpaid leave after May 27th, 2003, George Savaria responded, "No." There was clearly no urgency to fill the Springfield CO Tech position which had been offered to Ms. Hall. The Springfield position had been vacant since the Fall of 2002 when the CO Tech in that position was transferred on a temporary basis to fill Ms. Hall's position in the Holyoke CO. The Springfield CO Tech position remained vacant for over a year and was still vacant when George Savaria retired from Verizon in November 2003. The position had never been filled during that time, and there were no plans to fill it as of Mr. Savaria's retirement. Furthermore, allowing Ms. Hall to remain on leave until an appropriate position became available would have entailed no financial expense for Verizon, as Ms. Hall had been on unpaid leave since January 2003. See, Plaintiff's Statement Of Material Facts, Document 32, Pages 36-37 of 38, ¶¶ 138-139.

supervised Ms. Hall when she worked in that office, and was different from the Springfield CO Tech position would have placed an undue burden on Verizon.

                              Respectfully submitted,

                              PLAINTIFF RHONDA HALL
                              By her Attorney,

Dated: November 7, 2007           /s/ Hugh D. Heisler
                              Hugh Heisler, Esq.
                              BBO# 563925
                              Heisler, Feldman, McCormick &
                                  Garrow, P.C.
                              1145 Main Street, Suite 508
                              Springfield, MA 01103
                              (413) 788-7988

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                              /s/ Hugh D. Heisler
                              Hugh D. Heisler

# EXHIBIT 1

## TO

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OR ARGUMENT BY THE DEFENDANTS THAT THE ACCOMMODATIONS SOUGHT BY THE PLAINTIFF WOULD HAVE PLACED AN UNDUE HARDSHIP ON THE DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RHONDA HALL,<br><br>    Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS, INC., and<br>VERIZON NEW ENGLAND, INC.<br><br>    Defendants. | CIVIL ACTION NO. 05-30002-MAP<br><br><br><br><br><br><br><br>MARCH 3, 2006 |

## DEFENDANTS' SUPPLEMENTAL RESPONSES
## TO PLAINTIFF'S INTERROGATORIES

Defendants hereby provide the following supplemental responses to the Interrogatories propounded by Plaintiff. These supplemental responses are provided in accordance with the parties' compromises regarding the resolution of outstanding discovery disputes, as set forth in the January 3, 2006 letter from Defendants' counsel to Plaintiff's counsel.

Defendants have made a diligent effort to respond to the interrogatories, but may not have yet completed their investigation of the facts relating to this action, nor have they completed their preparation for the trial of this matter. Defendants reserve the right to rely on any facts, documents, or other evidence that may develop or come to Defendants' attention subsequent to the issuance of these responses. Defendants' responses as set forth herein are based on information known to Defendants at this time. Defendants reserve the right to supplement these responses at any time prior to the trial of this matter.

### INTERROGATORIES AND RESPONSES

1. Please "identify" the person or persons answering these interrogatories, and their relationship to the Defendants.

**SUPPLEMENTAL RESPONSE (3/3/2006):**

>Defendants answer that there were no bargaining unit positions vacant and up for bid at any facility within a 60 mile radius of Springfield, Massachusetts from January 1, 2003 through June 30, 2003

14. Please state whether at any time on or prior to May 27, 2003 the Defendants reached a conclusion that it would have been an undue burden on the Defendants to allow the Plaintiff to continue on an unpaid leave of absence beyond May 26, 2003, and, if so, please set forth every fact upon which the Defendants relied in reaching this conclusion, "identify" each person who participated in any way in reaching this conclusion and describe the precise role of each such person in reaching this conclusion, and "identify" any and all documents which might be in any way relevant to your response to this interrogatory.

**RESPONSE:** Defendants object to this Interrogatory because the plaintiff has exceeded the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Pursuant to F.R.C.P. 33(a), Defendants will not answer any Interrogatories beyond the first 25 discrete subparts.

**SUPPLEMENTAL RESPONSE (3/3/2006):**

>Defendants do not intend to assert an "undue hardship" affirmative defense to the plaintiff's claim that she was denied reasonable accommodation under the ADA.

15. Please state whether at any time on or prior to May 27, 2003 the Defendants reached a conclusion that it would have been an undue burden on the Defendants to transfer the Plaintiff to another position which either 1) would **not** have required her to work with any of her co-workers from the Defendants' Holyoke office or any of the persons who supervised the Plaintiff when she worked in that office, or 2) was different from the position offered to the Plaintiff in a letter from Paul McGovern dated April 10, 2003 and in a letter from John J. Lynch dated May 20, 2003, copies of which are appended to these interrogatories as Exhibits 5 and 6,

-12-

respectively, and, if so, please set forth every fact upon which the Defendants relied in reaching this conclusion, "identify" each person who participated in any way in reaching this conclusion and describe the precise role of each such person in reaching this conclusion, and "identify" any and all documents which might be in any way relevant to your response to this interrogatory.

**RESPONSE:** Defendants object to this Interrogatory because the plaintiff has exceeded the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Pursuant to F.R.C.P. 33(a), Defendants will not answer any Interrogatories beyond the first 25 discrete subparts.

### SUPPLEMENTAL RESPONSE (3/3/2006):

Defendants do not intend to assert an "undue hardship" affirmative defense to the plaintiff's claim that she was denied reasonable accommodation under the ADA.

16. If during the five (5) year period prior to May 27, 2003 any employee of the Defendants employed in any of the offices or facilities owned, managed or operated by the Defendants in Western Massachusetts requested any reasonable accommodation based upon a known or perceived disability, please "identify" each such employee who made such a request, a full and complete description of the nature of the accommodation requested by each such employee and reason(s) supplied by each such employee for the requested accommodation, "identify" each agent or employee of the Defendants who was involved in making a decision relating to each such request for an accommodation, a description of the decision made the Defendants relating to each such request and the reasons underlying each such decision, and a description of any and all documents relied upon, relevant to or referred to in answering this Interrogatory, including the name of the author or creator of each such document, and the current location and/or custodian of each such document.

**RESPONSE:** Defendants object to this Interrogatory because the plaintiff has exceeded the maximum number of interrogatories permitted by the Federal Rules of

-13-

Civil Procedure. Pursuant to F.R.C.P. 33(a), Defendants will not answer any Interrogatories beyond the first 25 discrete subparts.

**SUPPLEMENTAL RESPONSE (3/3/2006):**

The Collective Bargaining Agreement between various IBEW locals and Verizon Communications, Inc. identifies the various benefits to which Verizon employees were entitled. The cost of providing employee benefits is expressed below in terms of a benefit load for years 2004 and 2005 (the most recent years for which data is available). "Benefit load" is the cost to Verizon of providing the listed benefits reflected as a percentage of the per capita wages paid to Verizon associates (bargaining unit employees) in the former NYNEX territory.

|  | **2004** | **2005** |
|---|---|---|
| **Pensions** | 6.5% | 7.6% |
| **Retiree Welfare** | 4.7% | 6.5% |
| **Active Healthcare** | 13.0% | 17.0% |
| **Savings Plan** | 3.8% | 3.7% |
| **FAS 112** | 2.5% | 2.6% |
| **STD & Other** | 3.6% | 4.1% |

DEFENDANTS, VERIZON
COMMUNICATIONS, INC. AND
VERIZON NEW ENGLAND, INC.

_____
Victoria Woodin Chavey (*pro hac vice*)
Stacy Smith Walsh (BBO No. 647420)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
vwchavey@dbh.com
sswalsh@dbh.com
Their Attorneys

-23-

## CERTIFICATE OF SERVICE

I, Stacy Smith Walsh, hereby certify that I have served the within Defendants' Responses to Plaintiff's Interrogatories by causing a copy to be sent by overnight mail, postage prepaid, to: Hugh D. Heisler, Esq., Heisler, Feldman & McCormick, P.C., 1145 Main Street, Suite 508, Springfield, MA 01103 on this 3rd day of March, 2006.

_____
Stacy Smith Walsh

-24-

## VERIFICATION

I, Paul LaBonte, being duly sworn, hereby depose and say that I have read the foregoing answers to the Plaintiff's Interrogatories, and that these responses are true and accurate to the best of my information and knowledge.

_____
Paul LaBonte

Subscribed and sworn to before me
this 2nd day of March, 2006.

_____
Notary Public
My Commission Expires: 11/24/2006